### JACKSON *vs.* STATE.

EMBEZZLEMENT, FROM RICHMOND. Criminal Law. Jury and Jurors. Indictment. Practice in Superior Court. Character. Evidence. Charge of Court. (Before Judge Roney.)

Hall J.—1. It is not an open question in this court that, persons over sixty years of age are competent, when they consent, to act as grand jurors. Carter's case, and Danforth's case, (October term, 1885.) 1 GEORGIA LAW REPORTER, pp 41, 225.

2. The defendant had no right to except to the entry of a *nolle prosequi* on the first bill of indictment, unless it had been entered without his consent; after the case had been submitted to the jury, in which event he would have been placed in jeopardy, and could not be so placed again. Nor does it matter that a demand for trial had been entered on the first indictment, provided he is tried on it or on the new indictment, charging the same offense, at the term when the demand was made, or at the next succeeding term. 70 Ga., 131, 142; Code, §4648.

3. There was no error in allowing the jury lists to be completed by attaching thereto, *nunc pro tunc*, the certificate of the jury commissioners, upon the evidence of the clerk of the Superior Court and the surviving commissioners, and in overruling defendant's plea in relation thereto. 71 Ga ; 283 ; 62 Id., 368 ; 56 Id., 463.

4. It was right to refuse to suspend the case, in order to enable the defendant to prosecute a writ of error, for the purpose of having the preliminary questions made, determined by this court. The decision complained of, if it had been rendered as claimed by the plaintiff in error, would not have been a final disposition of the case. Code, §4250.

5. The defendant introduced no testimony, and his statement did not traverse any material fact put in evidence by the prosecution, but impliedly admitted them and rested on a denial of fraudulent, illegal or felonious intent, and an assertion of his previous conduct and character ; and the charges in the indictment, though set out with minute particularity, were sustained by the evidence.

6. The fact that the indictment called the corporation from which funds were embezzled, " The Enterprise Manufacturing Company," while the charter designated it as " Enterprise Manufacturing Company," was not such a variance as rendered the charter inadmissible in evidence. The question is one of identification of the artificial person, and this was sufficient. 1 Bish. Cr. Proc., § 682 ; 16 Mass., 147, 148; 70 Ga., 752.

7. Where the indictment contained but a single count, charging

various acts of the same character which, taken together, went to make up the offense charged, there was no error in refusing to compel the State to elect on which of these acts it would try the defendant. 26 Ga., 611; 58 Id., 577; Memmler's case (last term).

8 Under an indictment for embezzlement, it was admissible to show that the books of the company, whose funds were embezzled and of which the defendant was president, had been falsified by fraudulent entries, made with a view to conceal the embezzlement, and at the defendant's instance and with his knowlodge, whether made at the time of the act charged or afterwards. And it was also admissible to show other acts of embezzlement of like character on his part, though not set out in the indictment. These facts bore on the question of intent. 10 Ga., 47, 54, *et seq.*; 18 Ohio, 497.

9. The character of defendant was put in issue by his statement alone; and that was virtually an admission of the charge and an offer of exculpatory facts to mitigate the punishment, which fell more properly within the province of the court than of the jury. The charge to the effect that if the crime was committed as charged, the previous good character of the defendant would not prevent him from being found guilty, was proper. 19 Ga., 102, 103, 119, 120; Hopkins Pen. Code, §515.

10. As a general rule, the State is not bound to prove separately each of the several acts of embezzlement charged, in order to convict, and a failure to prove each of them will not work an acquittal if some be proved.

11. The charges refused and those given, as set forth in the grounds of the motion numbered from 10 ro 15 inclusive, when considered with the entire charge, were not erroneous.

(a) It makes no difference whether the president took the money directly when it came to his hands, or drew it from banks where he had deposited it subject to his own checks. The embezzlement would be of the funds and not of the checks which he himself drew. Code §4421; Hopkins' Pen. L., §1165.

(b) The making of false entries in the books of the company or false reports to the directors to conceal the conversion of the money, is a circumstance from which the jury could infer a fraudulent intent.

12. There was no error in sending to the jury room, at the request of the jury, the books and papers of the company which had been admitted in evidence, although they contained entries not relevant to the issues, it not appearing that the jury violated the instruction of the court not to inspect any other portions of the books than those admitted in evidence, or that objection to granting the request was made.

13. The indictment sufficiently alleges by whom the property embezzled was entrusted to the defendant, when it states that he was president of this corporation, having the general management of its business and the control of its funds, and having in his trust, custody and control large sums of money belonging to it, etc.

(a) There is such a crime as embezzlement, under the laws of the State, and the facts of this case show that crime.

(b) To specify particularly what money was received and embezzled would be impossible, and such a requirement would render the statute ineffectual.

(c) The material allegations in the pleadings are direct and positive, and neither in the alternative nor objectionable for repugnancy; nor are they loose, vague, indefinite or contradictory. The time and place of the offense are charged with sufficient certainty, and the indictment does not vary from the language of the Code, or fail to state the offense so as to be easily understood by the jury. Nor is there anything in the objection that some of the acts charged in the indictment as constituting the offense of embezzlement are barred by the statute of limitations.

(d) Where there was a continuous series of conversions of money entrusted to the defendant, as president of a corporation, and a falsification of books to conceal those acts, the whole extending through several years, it was competent to charge the offense in a single count of an indictment, and it was not necessary to set out separately each item taken, or to charge each in a separate count. 18 Ohio, 197, 512.

(e) An indictment is sufficient which charges the offense in the language of the Code or so plainly that its nature may be easily understood by the jury, is sufficient. Code, §4628.

Judgment affirmed.

J. C. C. Black; Foster & Lamar; Twiggs & Verdery, for plaintiff in error.

Boykin Wright, solicitor general; J. B. Cumming; J. S. & W. T. Davidson, for the State.